IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **YARON LASRI,**<br><br>        Petitioner,<br><br>vs.<br><br>**KARIN PERETS LASRI,**<br><br><br>        Respondent. | **CASE NO.**<br>**1:22-cv-5103-JPB** |

**RESPONDENT KARIN LASRI'S**
**RESPONSE TO ORDER TO SHOW CAUSE**

Respondent **KARIN PERETS LASRI**, ("Karin") through her counsel, Stephen M. Katz, responds to the Court's Order to Show Cause.

Section I of Karin Lasri's response addresses the Court's concern that the Hague Convention claims are *per se* non-removable. Section II addresses the Court's citation to *Pielage v. McConnell*, 516 F.3d 1282 (CA11 2008). Section III addresses the Court's concern as to whether a Hague Convention claim or issue is fairly set out in Petitioner's Complaint.

**I. Hague Convention Claims are Removable Because the Implementing Federal Statute Does Not Expressly Prohibit Removal**

Every federal claim is removable from state court unless there is an express provision prohibiting removal. The statute providing for removal from state court —28 U.S.C. § 1441(a)— authorizes removal

"except as otherwise expressly provided." The Eleventh Circuit has therefore held that any prohibition on removal of a case from state to federal court must be expressly stated. *Chilton v. Savannah Foods & Industries, Inc.*, 814 F.2d 620 (11th Cir. 1987). "Absent such an express provision prohibiting removal," state court actions brought under federal laws providing for concurrent jurisdiction are freely removable to federal court. *Id.* The Supreme Court has made the point even more bluntly: "When Congress wants to make federal claims instituted in state court nonremovable, it says just that." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386 n.2, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012).

Neither ICARA nor the Hague Convention contain an express contradiction of 28 U.S.C. 1441's permission to remove cases. The fact that ICARA states that "any person seeking to initiate judicial proceedings under the Convention for the return of a child… *may* do so by filing a petition for the relief sought…" is irrelevant to whether there is an express provision in the statute prohibiting removal from state to federal court. If there is no express prohibition on removal, then the only question is whether the Court has subject matter jurisdiction.

## II. *Pielage v. McConnell* Does Not Control Because Karin Lasri Does Not Contend That a State Court Order Constitutes a "Wrongful Retention"

With respect, the Court misapprehends Karin Lasri's claim that there has been a wrongful retention. The case cited by the Court in its

footnote —*Pielage v. McConnell*, 516 F.3d 1282 (CA11 2008)— is inapposite. In *Pielage*, the respondent was involved in pending divorce litigation. She argued that the issuance of a state court order prohibiting her from taking the child to the Netherlands was a "wrongful retention" under ICARA and the Hague Convention. In *Pielage*, the state court order was the *only* basis of the respondent's claim that her spouse had wrongfully retained the child in violation of the Hague Convention.

Here, the act constituting a wrongful retention took place prior to the issuance of any court order from DeKalb County Superior Court's standing order in divorce cases. The "Standing Order" is not the wrongful retention. *The wrongful retention in this case is refusing to let the child leave to Israel when there is an unambiguous agreement establishing the child's habitual residence is in Israel. See Hamidas v. Hamidas*, 720 F.Supp.2d 183 (E.D.N.Y. 2010)("Normally, the shared intent of the parents controls the habitual residence of the child.")(citations omitted).

Article 16 explicitly provides, among other things, that once a court receives notice of a potential wrongful removal or pending Hague application:

> the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention.

*See* Article 16, Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 19 I.L.M. 1501. The former Central Authority for the United States forcefully made the point in its manual on litigation of Hague Convention cases:

> In cases where federal Hague Convention proceedings and state custody proceedings are concurrent, it is the state court, not federal court, proceedings that should "be held in abeyance." *Even assuming, arguendo, the state court moves forward and issues a custody determination, it is of no import to a pending federal court Hague Convention case. As a practical matter, state court custody cases often do not reach the merits or render decisions on critical elements of any Hague Convention case, such as whether a removal was "wrongful."*

*Litigating International Child Abduction Cases Under the Hague Convention*, NCMEC Training Manual, pg. 83 (2012)(emphasis added)[1]; *Silverman v. Silverman*, 338 F.3d 886, 894-95 (8th Cir. 2003) (rejecting application of Rooker-Feldman doctrine to Hague state court custody interplay); *Holder v. Holder*, 305 F.3d 854, 864-65 (9th Cir. 2002)(federal courts have power to vacate state custody orders); *Rigby v. Damant*, No. 07-10179, 2007 WL 1417437, at *4 (D. Mass. May 15, 2007) (holding that state court custody determinations are not binding

---

[1] Between September 5, 1995 and April 1, 2008, NCMCE served as the "Central Authority" for processing applications seeking the return of or access to children in the US under the Hague Convention on the Civil Aspects of International Child Abduction Department of Justice. On April 1, 2008, the U.S. Office of Children's Issues re-assumed U.S. Central Authority duties for processing incoming cases under the Hague Abduction Convention. (Exhibit 1)

on federal court); *Lockhart v. Smith*, No. 06-CV-160, 2006 WL 3091295, at *2 (D. Me. Oct. 20, 2006) (stating that "ex parte [custody] order [is of] no consequence in light of Article 16").

The current Central Authority (the United States Department of State) continues to adhere to the same principles set forth in the NCMEC Training Manual regarding state court custody determinations and orders:

> Children who otherwise fall within the scope of the Convention are not automatically removed from its protections by virtue of a judicial decision awarding custody to the alleged wrongdoer. This is true whether the decision as to custody was made, or is entitled to recognition, in the State to which the child has been taken. Under Article 17 that State cannot refuse to return a child solely on the basis of a court order awarding custody to the alleged wrongdoer made by one of its own courts or by the courts of another country. This provision is intended to ensure, inter alia, that the Convention takes precedence over decrees made in favor of abductors before the court had notice of the wrongful removal or retention.
>
> *Thus, under Article 17 the person who wrongfully removes or retains the child in a Contracting State cannot insulate the child from the Convention's return provisions merely by obtaining a custody order in the country of new residence, or by seeking there to enforce another country's order.*

*Legal Analysis of the Convention*, 51 F.R. 10494 (2022)(available online at https://travel.state.gov/content/dam/childabduction/Legal_Analysis_of_the_Convention.pdf)

*Pielage* stands for the rule that a custody order by a state court cannot by itself serve as a "wrongful retention." There must be an independent basis for alleging a "wrongful retention." The rule in *Pielage* does not mean that the existence of a state court custody order deprives a federal court of jurisdiction to hear a Hague Convention case based on a "wrongful retention" that is independent from the existence of a state court custody order. If a federal court could be deprived of jurisdiction to hear a Hague Convention "wrongful retention" case simply because a state court's "Standing Order," then Articles 16 and 17 of the Hague Convention would be rendered meaningless. A parent cannot defeat the Hague Convention by getting a temporary custody order from a state court.

### III. Petitioner's Complaint Invokes the Hague Convention

The third issue is whether the Petitioner's Complaint invokes the Hague Convention. Petitioner's Complaint is replete with allegations of alleged current and previous "wrongful removals" of the parties' child from the United States. In paragraph 9 of his Complaint, Petitioner states:

> The Petitioner specifically requests that the Respondent is prohibited from traveling with the minor child to her home country of Israel. The Respondent has threatened numerous times to return to Israel with the minor child and not return to the United States. The Respondent traveled to Israel with the minor child in order to visit her family

> for a period of one month. The Respondent did not return for two and one-half months and only returned after numerous requests by the Petitioner. The Petitioner shows the court that he has a real fear that the Respondent will attempt to abscond to Israel with the minor child. The Petitioner shows the court that the minor child holds dual U.S.-Israeli citizenship.

(Exhibit 2 to Notice of Removal, ¶ 9).  Paragraph 9 of the Complaint is completely superfluous unless the Petitioner is invoking the Hague Convention. The filing of a divorce action in DeKalb County (as with every other county in Georgia) triggers issuance of a Standing Order prohibiting either parent from removing a child from the jurisdiction of the Superior Court. (Exhibit 5 to Notice of Removal, ¶ 8).

Unless the Hague Convention is being invoked, there is no reason for Petitioner to mention Karin Lasri's "home country of Israel." (Exhibit 2 to Notice of Removal, ¶ 9). There is no reason to allege in a divorce complaint that Karin Lasri "did not return for two and one-half months and only returned after numerous requests by the Petitioner." *Id.* The allegation of a "failure to return" from a "home country" is functionally no different from a Hague Convention allegation of a "wrongful removal" of a child. The allegation that Karin Lasri "absconded" to Israel with the parties' child is also an allegation of a "wrongful removal" of a child. The language in paragraph 9 does not need to mention the words "Hague Convention" or ICARA to invoke the Convention or implementing statute. *See e.g. Newcomb v. Spring*

*Creek Cooler, Inc.*, 926 F.3d 709, 715 (CA11 2019)("Courts are bound by the substance, not nomenclature, of claims, and they construe pleadings to bring about substantial justice.")

While the party who brings a suit is the master to decide what law he will reply upon, "it is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).  In *Franchise Tax Bd.,* the Supreme Court referred to a circumstance that a plaintiff attempted to avoid removal by pleading a simple breach of contract when the breach involved work stoppages that were a federal cause of action under § 301 of the Labor Management Relations Act. *Id.*

Similarly, the Petitioner's allegations that Karin Lasri failed to return with the child from her "home country," that she "absconded" with the child and went overseas are not allegations covered by the Uniform Child Custody Jurisdiction Act. Rather, Petitioner's allegations that Karin Lasri "absconded" with the child to her "home country" are allegations that directly involve the ICARA and the Hague Convention.

## CONCLUSION

For the foregoing reasons, Respondent Karin Lasri requests that the Court hold that it has jurisdiction under the Hague Convention and ICARA, schedule an expedited hearing on the parties' written agreement that Israel is the habitual residence of the parties' child, and issue an injunction requiring Petitioner to return the child's passports to Respondent. All matters involving divorce, alimony, child support, and visitation are matters for either the DeKalb County Superior Court or the Israeli courts.

Date:  12 January 2023.

By: **s/ Stephen M. Katz**
　　　Stephen M. Katz
　　　Ga. Bar No. 409065

**THE KATZ LAW FIRM – GA. LLC**
1225 Johnson Ferry Road
Building 100 – Suite 125
Marietta, Georgia 30068-5407
Telephone: 770.988.8181
Fax: 770.988.8182
Email: smkatz@katz.legal

## CERTIFICATE OF SERVICE

I have this date served upon all counsel of record

**RESPONDENT KARIN LASRI'S
RESPONSE TO ORDER TO SHOW CAUSE**

by transmitting it as follows:

| | |
|---|---|
| ☐ | Hand Delivery; |
| ☐ | Facsimile transmission; |
| ☒ | Email:  mindy@mindysmithlawyer.com |
| ☐ | Overnight Delivery Service; |
| ☐ | First Class Mail, postage pre-paid; |
| ☒ | Electronic Filing that automatically sends e-mail notification |

upon all counsel of record and/or other individuals listed below:

Mindy R. Smith, Esq.
**Mindy R. Smith, P.C.**
750 Hammond Drive, NE
Building 15, Suite 300
Atlanta, Georgia 30328
Office: (770) 650-1095
mindy@mindysmithlawyer.com

| | |
|---|---|
| Date:  12 January 2023. | By: **s/ Stephen M. Katz**<br>      Stephen M. Katz<br>      Ga. Bar No. 409065 |

**THE KATZ LAW FIRM – GA. LLC**
1225 Johnson Ferry Road
Building 100 – Suite 125
Marietta, Georgia 30068-5407
Telephone: 770.988.8181
Fax: 770.988.8182
Email: smkatz@katz.legal