IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**YARON LASRI,**

    Petitioner,

vs.

**KARIN PERETS LASRI,**

    Respondent.

Civil Action No. 1:22-cv-5103-JPB

## PETITIONER'S RESPONSE TO RESPONDENT KARIN LASRI'S RESPONSE TO ORDER TO SHOW CAUSE

Petitioner YARON LASRI, through his counsel, Mindy R. Smith, responds to Respondent Karin Lasri's Response to Order to Show Cause showing the court as follows:

I.    The United States District Court does not have jurisdiction over divorce cases because the State of Georgia The Georgia Constitution has exclusive jurisdiction in divorce and equity cases.

The Georgia Constitution provides that the Superior Courts shall have exclusive jurisdiction in divorce and equity cases and in all cases, except as other provided in the Constitution.

*Article VI. Judicial Branch Section VI. Superior Courts state the following:*

*Paragraph I. Jurisdiction of superior courts. The superior courts shall have jurisdiction in all cases, except as otherwise provided in this Constitution.*

> *They shall have exclusive jurisdiction over trials in felony cases, except in the case of juvenile offenders as provided by law; in cases respecting title to land; in divorce cases; and in equity cases. The superior courts shall have such appellate jurisdiction, either alone or by circuit or district, as may be provided by law.*

Yaron Lasri filed a Complaint for Divorce in the Superior Court of Dekalb County. Both the Petitioner and Respondent currently live in the State of Georgia in Dekalb County. The Respondent cites the allegation that the case should be removed to the Northern District of Georgia, a federal court, because his client believes the Petitioner is using the divorce process to circumvent the Hague Convention. We disagree. The Respondent has made no such showing and is not allowed, under the law, to remove the divorce case against her to federal court simply because she claims she is a citizen of another country. The Superior Courts of the State of Georgia have exclusive jurisdiction to preside over divorce cases and cases of equity. The Superior Court has subject matter jurisdiction over custody matters as they relate to the pending divorce action. The Superior Court of Dekalb County has venue and jurisdiction over the Respondent, Karin Perets Lasri.

II.     The Hague Convention is an International Treaty and has not been codified in federal or state law.

The Respondent cites the Hague Convention as her compelling reason to have a divorce case removed from the Superior Court of Dekalb County.  The Hague Convention is an international treaty that addresses certain situations where children who are abducted from the country where they live must be returned to that county so that custody disputes may be resolved there.  The Hague Convention has not been codified into federal or state law.

The parties currently reside in the state of Georgia in the United States.  A custody determination must first be made by the court with jurisdiction in the home country of the minor child.  The Superior Court of Dekalb County is the only court with jurisdiction over the divorce case, which includes custody as a matter of equity, between the Petitioner and the Respondent.  The Respondent has not challenged venue in the Superior Court of Dekalb County.

III.    The Respondent's removal of the divorce case to federal court is improper, and the case must be remanded back to the Superior Court of Dekalb County in order for the Superior Court to make determination of equitable distribution of martial property, alimony, child custody and child support.  This is not a case of first impression.  Many foreign nationals live within the fifty states of the United States and have children.  The dissolution of a marriage and the determination of child custody must be left within the purview of the various states. In nearly every Superior Court in the state of Georgia an automatic standing order prohibiting the removal of minor children from the jurisdiction of the court

exists to prevent kidnapping and circumvention of the laws of the state. The Superior Court of Dekalb County must make a custody determination before either party is allowed to travel outside the jurisdiction of the Superior Court. The Superior Court of Dekalb County is the proper jurisdiction to address the Respondent's allegations with regard to custody.

Respectfully submitted,

                                            **MINDY R. SMITH, P.C.**

                                            */s/ Mindy R. Smith*
                                            Mindy R. Smith
                                            Georgia Bar No. 661707

                                            Attorney for Petitioner

750 Hammond Drive
Building 15, Suite 300
Atlanta, Georgia  30328
(770) 650-1095
mindy@mindysmithlawyer.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **YARON LASRI,** | |
| Petitioner, | |
| vs. | Civil Action No. 1:22-cv-5103-JPB |
| **KARIN PERETS LASRI,** | |
| Respondent. | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I filed the within and foregoing ***Petitioner's Response to Respondent Karin Lasri's Response to Order to Show Cause*** with the Clerk of Court using the CM/ECF system, which will automatically transmit email notification of such filing to all attorneys of record as follows:

Steven M. Katz, Esq.
The Katz Law Firm – GA, LLC
1225 Johnson Ferry Road
Building 100, Suite 125
Marietta, Georgia  30068
smkatz@katz.legal

This 18th day of January, 2023.

                                    */s/ Mindy R. Smith*
                                    Mindy R. Smith
                                    Georgia Bar No. 661707

                                    Attorney for Petitioner